BOOTH, Judge,
dissenting.
I respectfully dissent. The trial court did not abuse discretion in taking judicial notice and admitting the State’s evidence that a no true bill was issued as to witness Morning. This evidence was relevant to rebut the defense’s assertion that Morning had an interest in testifying against Wilson at trial. § 90.402, Fla.Stat.; Johnson v. State, 608 So.2d 4, 10 (Fla.1992), cert, denied, 508 U.S. 919, 113 S.Ct. 2366, 124 L.Ed.2d 273 (1993); Tompkins v. State, 502 So.2d 415, 419 (Fla. 1988), cert. denied, 483 U.S. 1033, 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987).
The basic rule, as stated by Professor Ehrhardt, is:
If there is evidence introduced to contradict the testimony of a witness, or the witness is contradicted on cross-examination, counsel may generally introduce evidence to contest the truthfulness of the alleged contradicting facts. For example, if counsel introduces extrinsic evidence that the witness and a party are business partners in order to attack the credibility of the witness by showing an interest in the outcome of the litigation, the opposing counsel may offer evidence to prove that the alleged business relationship does not exist. [Footnote omitted.]
Ehrhardt, Florida Evidence, § 611.2 (1995 Edition); see also Johnson, supra; Tompkins, supra. Here, defense counsel attempted to show on recross-examination that Morning had received benefit from the State by testifying against Wilson at trial, i.e., the State dropping the charges against him. The State then offered evidence that the grand jury had returned a no true bill as to Morning. Defense counsel opened the door to rebuttal evidence and should not now be heard to complain that the State introduced evidence indicating that no charges were ever filed against this witness. The trial court correctly allowed the jury to consider evidence from both sides as bearing on Morning’s credibility. Montesi v. State, 220 Tenn. 354, 417 S.W.2d 554 (1967), on which the majority heavily relies, is distinguishable as the prosecution introduced testimony regarding a no true bill for no stated purpose. Finding no error, I would affirm the conviction.